UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STEPHANIE O'CONNOR,<br><br>          Plaintiff,<br><br>v.<br><br>NATIONAL DEFAULT SERVICING CORPORATION; et al.,<br><br>          Defendants. | 3:11-cv-0915-LRH-VPC<br><br>ORDER |

Before the court is plaintiff Stephanie O'Connor's ("O'Connor") motion to remand. Doc. #10.[1] Defendant BankUnited, FSB ("BankUnited") filed an opposition (Doc. #17) to which O'Connor replied (Doc. #25).

**I.   Facts and Procedural History**

In April 2005, O'Connor purchased real property through a mortgage note and deed of trust executed by BankUnited. O'Connor defaulted on the property and defendants initiated non-judicial foreclosure proceedings.

Subsequently, O'Connor filed a complaint in state court against defendants. Doc. #1, Exhibit 2. Defendant UnitedBank removed the action to federal court based upon diversity jurisdiction. Doc. #1. Thereafter, O'Connor filed the present motion to remand. Doc. #10.

---

[1] Refers to the court's docket entry number.

## II. Legal Standard

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A district court has original jurisdiction over civil actions where the suit is between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00. 28 U.S.C. § 1332(a). In a diversity case, if a complaint does not specify the amount of damages, "the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds $[75],000.00." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

Removal of a case to a district court may be challenged by motion. 28 U.S.C. § 1441(c). A federal court must remand a matter if there is a lack of jurisdiction. *Id*. Removal statutes are construed restrictively and in favor of remanding a case to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

## III. Discussion

### A. Petitioning Defendant

A petitioning defendant must file a removal petition within thirty days after being served with a complaint. 28 U.S.C. § 1446(b). The time for each defendant begins to run when they are personally served with the complaint. *See Coleman v. Assurant, Inc.*, 463 F.Supp.2d 1164, 1166 (D. Nev. 2006). Here, BankUnited received notice of the complaint and filed a notice of removal prior to the time it was actually served with the complaint. Thus, BankUnited filed its notice of removal within the thirty day time limit.

O'Connor argues that the time began to run when defendant National Default Servicing Corporation ("NDSC") was served, thereby making BankUnited's removal untimely. *See* Doc. #10.

However, the Ninth Circuit does not follow the "first-served" rule advocated by O'Connor which requires removal to occur within thirty days after the first defendant has been served. *See United Steel v. Shell Oil Co.*, 549 F.3d 1204, 1208 (9th Cir. 2008); *see also, Coleman*, 463 F.Supp.2d at 1166 ("More recently, circuit and district courts have begun to favor the later-served defendant rule which allows a later served defendant [to have] 30 days from the date of service to remove a case to federal district court."). Accordingly, the court finds that BankUnited's removal was timely.

**B. Amount in Controversy**

In her motion, O'Connor concedes that the parties are diverse for diversity jurisdiction purposes, but argues that BankUnited's notice of removal is insufficient to prove, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00. *See* Doc. #10. The court has reviewed the document and pleadings in this matter and finds that the amount in controversy exceeds the $75,000 threshold. In her complaint, O'Connor is seeking to have the title to the underlying property quieted in her name and the outstanding loan obligations in excess of $200,000 extinguished. *See* Doc. #1, Exhibit 2. Therefore, the court finds that the amount in controversy has been met and that the exercise of diversity jurisdiction is appropriate.

IT IS THEREFORE ORDERED that plaintiff's motion to remand (Doc. #10) is DENIED.

IT IS SO ORDERED.

DATED this 21st day of May, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3